IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALLAHGEHOVAH JONES,

Plaintiff,

v. No. 2:26-cv-00254-KG-GJF

CITY OF CLOVIS and
AMBER CROSS

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *pro se* Plaintiff Allahgehovah Jones's Motion for Default Judgment, Doc. 21, Motion to Strike, Doc. 25, Defendants' Motion to Extend Time to File a Response to Plaintiff's Amended Complaint, Doc. 27, and Plaintiff's Objections to Defendants' Notice of Completion of Briefing, Doc. 30. The Court grants Defendant's Motion to Extend Time to File a Response to Plaintiff's Amended Complaint, Doc. 27. The Court denies as moot Plaintiff's Motion for Default Judgment, Doc. 21. The Court denies Plaintiff's Motion to Strike. Doc. 25. Furthermore, the Court construes Plaintiff's Objection to Defendants' Notice of Completion of Briefing, Doc. 30, as a motion for extension of time to respond to the Motion to Dismiss, grants the requested extension, and denies all other requested relief.

## *I. Background*

On February 3, 2026, Plaintiff filed a complaint against Defendants City of Clovis and Amber Cross for alleged civil rights violations. Doc. 1. In response to an Order to Show Cause, Doc. 6, Plaintiff filed an Amended Complaint on February 23, 2026, Doc. 7. Plaintiff served the Amended Complaint on the Defendants on April 28, 2026. Docs. 18–19. Defendants had until May 19, 2026, to file an answer or a motion responding to the Amended Complaint. Fed. R. Civ.

P. 12(a)–(b). Defendants failed to timely answer or move to dismiss. On May 20, 2026, Plaintiff, based on Defendants' failure to answer, moved for entry of default judgment. Docs. 21–22. Shortly after Plaintiff filed the Motion for Default Judgment, Defendants filed a Motion to Dismiss. Doc. 23.

The following day, May 21, 2026, Plaintiff moved to strike Defendants' Motion to Dismiss as untimely. Doc. 25. Defendants responded to the Motion to Strike, Doc. 26, and filed a Motion for Extension of Time to Answer, Doc. 27. In both briefs, Defendants admitted to missing the 21-day deadline to respond and explained their failure by stating that there was confusion as to when service of the Amended Complaint was perfected. Doc. 26 ¶ 10; Doc. 27 ¶¶ 4–5. Defendants filed the Motion for an Extension of Time 15 days after the untimely Motion to Dismiss. Doc. 27. Plaintiff filed a Reply in Support of the Motion to Strike arguing that Defendants failed to show excusable neglect and pointing out that the docket clearly states when an answer is due. Doc. 28; *see also* Docs. 18, 19.

On August 13, 2026, Defendants filed a Notice of Completion of Briefing ("Notice") for their Motion to Dismiss. Doc. 29. In their Notice, Defendants stated that Plaintiff failed to respond to the Motion to Dismiss. *Id.* ¶ 2. Plaintiff objected to this Notice arguing that the Court should decide the Motion to Strike before requiring a response to the Motion to Dismiss. Doc. 30 at 2.

## ***II. Analysis***

For the reasons below, the Court concludes that Defendants have shown good cause and excusable neglect for their failure to timely file their Motion to Dismiss. As a result, Plaintiff's Motion for Default Judgment, Doc. 21, is denied as moot. Plaintiff's Motion to Strike is denied because there is no Federal Rule of Civil Procedure that allows a Court to strike a motion.

Doc. 25. Furthermore, the Court construes Plaintiff's Objection to Defendants' Notice of Completion of Briefing, Doc. 30, as a motion for leave to file a response to Defendants' Motion to Dismiss. The Court concludes that Plaintiff has also shown good cause and excusable neglect for failing to timely respond to the Motion to Dismiss and will grant the motion for time to file a response to Defendants' Motion to Dismiss.

***A. Defendants have shown good cause and excusable neglect.***

Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline for good cause. If the request is made before the original deadline the moving party is only required to "show good cause for the extension request." *Rachel v. Troutt*, 820 F.3d 390, 395 (10th Cir. 2016). But if the request is made after the original deadline, as it was here, the Court must also determine if the failure "was the result of excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 873 (1990) (holding that under Rule 6(b)(1), "a post-deadline extension...is permissible only where the failure to meet the deadline was the result of excusable neglect") (citation modified).

"The existence of excusable neglect is an equitable inquiry, requiring consideration of all of the relevant circumstances." *Livingston v. Univ. of Kan. Hosp. Auth.*, 844 F. App'x 82, 84 (10th Cir. 2021). The relevant circumstances include: "(1) the danger of prejudice to the adversary, (2) the extent of the delay and potential effect on the proceedings, (3) the reasons for delay (including whether these reasons are within the movant's 'reasonable control'), and (4) the existence of good faith on the part of the movant." *Id.*

Here, the Court is persuaded that the above factors favor the Defendants. *See Troutt*, 820 F.3d at 394 (noting that Rule 6 "should be liberally construed to advance the goal of trying each case on the merits"). Although the untimely filing has unnecessarily complicated the procedural

posture of this case, the one-day delay resulted in minimal prejudice to Plaintiff. The delay appears to be a simple clerical error, and Defendants have acted in good faith by requesting an extension when they realized their Motion to Dismiss was untimely. Accordingly, the Court concludes that Defendants have shown good cause for their extension and that their failure to act was the result of excusable neglect.

***B. A motion to dismiss may not be attacked by a motion to strike.***

Motions to strike are governed by Federal Rule of Civil Procedure 12(f). Under Rule 12(f) a Court can only strike pleadings. *Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 445 (D.N.M. 2018) (analyzing the definition of pleadings under Rule 7 and motions to strike under Rule 12(f)). A motion to dismiss is not a pleading. *See id*. at 446 ("The Federal Rules of Civil Procedure define pleadings as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counter claim, or a crossclaim; and if the court orders one, a reply to an answer.") (citation modified). "Generally, therefore, motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais v. N.M. Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009) (citing *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1992) (unpublished table decision)). Plaintiff's Motion to Strike is improperly directed at a motion, rather than a pleading. As a result, the Court denies Plaintiff's Motion to Strike.

***C. Plaintiff has shown good cause and excusable neglect.***

Plaintiff filed an Objection to Defendants' Notice of Completion of Briefing, arguing that a response to the motion to dismiss is not required under the Local Rules until the Court resolves a motion to strike. Doc. 30 at 2. But no Local Rule allows a party to independently stay a

response deadline pending a decision on a motion to strike. As a result, Plaintiff has failed to respond to the Motion to Dismiss.

Plaintiff, however, requests 14 days from the entry of an order denying the Motion to Strike to respond to the Motion to Dismiss. *See* Doc. 30 at 2. The Court construes this request as a motion for an extension of time to file a response to Defendants' Motion to Dismiss. Analyzing the same factors listed above, the Court concludes that any prejudice to the Defendants created by this untimely filing is, at least in part, the result of Defendants' failure to timely file their Motion to Dismiss. Plaintiff, who is pro se, has adhered to all other deadlines in this case. The Court therefore concludes that Plaintiff has shown good cause for this extension and that the failure to file a response was the result of excusable neglect.

## ***III. Conclusion***

For the reasons stated herein, the Court grants Defendants' Motion to Extend Time to File a Response to Plaintiff's Amended Complaint. Doc. 27. The Court denies Plaintiff's Motion for Default Judgment as moot. Doc. 21. The Court denies Plaintiff's Motion to Strike. Doc. 25. The Court grants in part Plaintiff's Objection to Defendants' Notice of Completion of Briefing in so far as it requests an extension of time to respond to Defendants' Motion to Dismiss, all other requested relief is denied. Doc. 30.

It is hereby ordered:

1. Plaintiff shall file a response to Defendants' Motion to Dismiss within 14 days of this order.[1]

---

[1] All deadlines set by the Court in this Opinion and Order shall be calculated pursuant to D.N.M.LR-Civ. 7.4(a) and Fed. R. Civ. P. 6(a)(1).

2. Defendants may file a reply to Plaintiff's response within 14 days of service of Plaintiff's response.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.