**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALLAHGEHOVAH JONES,

Plaintiff,

v. No. 2:26-cv-00254-KG-GJF

CITY OF CLOVIS and
AMBER CROSS

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants City of Clovis and Officer Amber Cross ("Defendants"), Motion to Dismiss Plaintiff's Amended Complaint. Doc. 23. Plaintiff filed an Amended Complaint on February 2, 2026. Doc. 7. Defendants filed their Motion to Dismiss on May 5, 2026, (the "Motion"). Doc. 23. On October 14, 2026, Plaintiff filed a Response to the Motion to Dismiss (the "Response"). Doc. 32. Defendants did not file a reply. Having considered the Motion to Dismiss and the accompanying briefing, the Court grants the Motion to Dismiss and grants Plaintiff's request for leave to amend.

## *I. Background*

On February 3, 2026, Plaintiff filed a Complaint against Defendants City of Clovis and Amber Cross for alleged civil rights violations. Doc. 1. The Court ordered Plaintiff to show cause why the Complaint should not be dismissed. Doc. 6. In response, Plaintiff filed an Amended Complaint on February 23, 2026, alleging: (1) violation of Fourteenth Amendment right to equal protection under the law; (2) retaliation for engaging in speech protected by the First Amendment; and (3) a claim for municipal liability under section 1983, often called a *Monell* claim. Doc. 7. Defendants filed their Motion to Dismiss on May 5, 2026. Defendants argue that each of Plaintiff's

claims fails under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's claims are conclusory and do not contain enough factual matter to adequately state a claim for relief. Doc. 23.

## *II. Legal Standard*

To survive a Rule 12(b)(6) motion to dismiss, the complaint must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim is plausible only when the plaintiff pleads factual content allowing the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court accepts well-pleaded allegations as true and views them in the plaintiff's favor, but "conclusory allegations, unwarranted inferences, [and] legal conclusions" are not credited. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

The Court must "construe a pro se plaintiff's pleadings liberally." *Mapp v. Dovala*, 138 F.3d 1335, 1337 (10th Cir. 1998). However, the Court will "not assume the role of advocate, and conclusory allegations without supporting factual averments are insufficient." *Id.* "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## *III. Analysis*

As an initial matter, Plaintiff in the Response voluntarily withdraws the claim for violations of the Fifth Amendment. Doc. 32 at 6. Accordingly, the Court dismisses that claim. With respect to Plaintiff's other claims, for the reasons below, the Court concludes that Plaintiff's Amended Complaint fails to state a claim under Rule 12(b)(6). The Court, however, will grant Plaintiff's request for leave to file a Second Amended Complaint.

### *A. Equal Protection Clause of the Fourteenth Amendment Claim*

The Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. In order to state a claim for a violation of the Equal Protection Clause, a plaintiff must alleged "they were treated differently from others who were similarly situated to them. . . " and do so with particularity. *Brown v. Montoya*, 662 F.3d 1152, 1173 (10th Cir. 2011). Conclusory allegations are not sufficient in the context of a § 1983 claim. *Id.*

Defendants argue that the Amended Complaint is conclusory and that there is no plausible allegation that Defendants denied Plaintiff equal protection of the laws. Doc. 23 at 2. Plaintiff responds with additional details not plead in the Amended Complaint. Doc. 32 at 3.

The Court is persuaded that the Amended Complaint, even liberally construed, lacks sufficient detail to establish an equal protection violation. For example, Plaintiff's Amended Complaint makes reference to a class-of-one theory; but, to state an equal protection violation for a class-of-one, a "plaintiff must first establish that others, similarly situated in every material respect were treated differently." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (citation modified). "A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was 'irrational and abusive,' and 'wholly unrelated to any legitimate state activity[.]'" *Id.* The Amended Complaint does not identify who was similarly situated to the Plaintiff. The Amended Complaint does not sufficiently allege a difference in treatment between a similarity situated person and Plaintiff. While Plaintiff's Response offers additional details not plead in the Amended Complaint, on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) the Court is limited to considering the allegations in the Amended Complaint and its attachments. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached

exhibits."). For the above reasons, the Court concludes that Plaintiff has failed to state a claim for violation of the Fourteenth Amendment.

### ***B. First Amendment Retaliation Claim***

A First Amendment retaliation claim is plead by alleging "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). When evaluating whether there was a chilling effect on Plaintiff's speech the Court applies an "objective, rather than subjective" standard. *Eaton v. Meneley*, 379 F.3d 949, 954 (10th Cir. 2004).

Defendants argue that Plaintiff's claims are conclusory. Doc. 23 at 3. In the Response, Plaintiff provides facts not included in the Amended Complaint. Doc. 32 at 2. As stated above, the Court is limited to the allegations in the Amended Complaint on a motion to dismiss. *See Smith*, 561 F.3d at 1098. Even construed liberally, the Amended Complaint fails to state how "defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity" and "that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero*, 510 F.3d at 1203. As a result, the Court concludes that the First Amendment Retaliation claim is conclusory and lacks sufficient detail for claim of retaliation for engaging in protected speech.

### ***C. Monell Claim***

Under *Monell*, a plaintiff may sue local governing bodies directly for constitutional violations pursuant to the body's policies." *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1144 (10th Cir. 2023) (citing *Monell v. Dep't of Soc. Servs. of City of N. Y.*, 436 U.S. 658, 690

(1978)). To state a claim against a municipal entity, a plaintiff must allege facts showing three elements: "(1) official policy or custom, (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). Plaintiff's Amended Complaint alleges an "unconstitutional custom of administrative harassment and record suppression" Doc. 7 at 6. The Amended Complaint does not state, even liberally construed, what harm to Plaintiff resulted from this custom. As a result, the Court concludes that Plaintiff's *Monell* claim is conclusory and lacks sufficient detail.

## *IV. Conclusion*

For the reasons stated above, the Court grants Defendants' Motion to Dismiss. Doc. 23.

It is hereby ordered:

1. Plaintiffs' Amended Complaint is dismissed without prejudice.
2. Plaintiff may file a Second Amended Complaint within 21 days.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.